IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROLLIE BRUVOLD,

    Petitioner,

v.                                                 No. 24-cv-0918-WJ-JMR

STEVE SMITH, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Rollie Bruvold's Petition for Writ of Habeas Corpus (Doc. 1) (Opening Petition). Bruvold is a state prisoner and is proceeding *pro se*. The Opening Petition consists of 285 pages. It primarily challenges Bruvold's state rape convictions under 28 U.S.C. § 2254. The Opening Petition also ostensibly raises claims regarding an unspecified detainer under 28 U.S.C. § 2241; attaches pleadings from prior state/federal cases; and contains a copy of the U.S. Constitution with Bruvold's own handwritten notations. After filing the Opening Petition, Barnes filed a Prisoner Civil Rights Complaint (Doc. 2) along with eight other notices and motions (Docs. 3-10). Most of the submissions raise § 2254 habeas arguments challenging Bruvold's state convictions, but other submissions contain opinions about the state of the world and/or the U.S. government. Bruvold has not paid any filing fee or moved to proceed *in forma pauperis*.

    The Court is not required to sort through various filings and supplements to piece together a movant's claim. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun'

pleading."). Shotgun filings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted"). Shotgun filings also violate Fed. R. Civ. P. 8(a), which requires movants to submit a short, plain statement setting forth the grounds for relief. Consistent with these authorities, the Court declines to conduct an initial review of the current filings and will strike all pending petitions, complaints, motions, and supplements (Docs. 1-10) without prejudice.

Because Bruvold primarily challenges his state criminal convictions, the Court will allow him to file a single, amended habeas petition under 28 U.S.C. § 2254 within thirty (30) days of entry of this Order. The amendment is limited to 40 pages and must comply with both Fed. R. Civ. P. 8(a) and Habeas Corpus Rule 2(c). Under Habeas Corpus Rule 2(c), a petition must specify all grounds for relief, with factual support; state the relief requested; be typed or "legibly handwritten;" and be signed under penalty of perjury. Habeas Corpus Rule 2(c). By the same deadline, Bruvold must pay the $5.00 habeas filing fee or, alternatively, file a motion to proceed *in forma pauperis* that attaches a copy of his inmate account statement. *See* Habeas Corpus Rule 3(a)(2) (requiring the account statement where the habeas petitioner has not prepaid the filing fee).

Bruvold is warned that the inquiry in this case will be limited to whether his state criminal convictions violate federal law or the U.S. Constitution for purposes of 28 U.S.C. § 2254. The


Court will not consider civil claims under 42 U.S.C. § 1983 or the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 *et seq.*, in this case. *See Hamilton v. Bird,* 650 Fed. App'x 585, 588 (10th Cir. 2016) (noting the inmate "may not pursue civil rights and habeas claims in the same action"); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("[P]risoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits … not through federal habeas proceedings."); *Aigbekaen v. United States*, 2023 WL 11862185, at *3 (D. Colo. May 18, 2023) (prisoners "may not assert habeas corpus claims and civil … claims in the same action"). The Court may also decline to consider challenges to the execution of Bruvold's sentence under 28 U.S.C. § 2241 in this proceeding. *See Leatherwood v. Allbaugh,* 861 F.3d 1034, 1041 (10th Cir. 2017) (holding that a challenge to the execution of a sentence must be brought under § 2241, while a challenge to the validity of a conviction must be brought under § 2254). If Bruvold wishes to raise civil claims or challenge a detainer under 28 U.S.C. § 2241, he must file a separate action addressing each topic.

Bruvold is finally warned that the failure to timely file a single, amended § 2254 petition that complies with these instructions and address the filing fee requirement, as set forth above, may result in dismissal of this case without further notice. The Court may also dismiss this case if Bruvold continues to file voluminous or piecemeal supplements. The dismissal ruling may be entered with or without prejudice, and future § 2254 petitions may be time-barred.

**IT IS ORDERED** that the Court **STRIKES** all pending petitions, complaints, motions, and supplements (**Docs. 1-10**).

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Bruvold must: (1) file a single, amended § 2254 petition that complies with the above instructions; and (2)

pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* along with a copy of his inmate account statement.

      **SO ORDERED.**

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE