# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROLLIE BRUVOLD,

     Petitioner,

v.                                                                No. 24-cv-0918-WJ-JMR

STEVE SMITH, *et al*,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Rollie Bruvold's refusal to file a single, amended pleading that complies Fed. R. Civ. P. 8(a) and Habeas Corpus Rule 2(c), as directed. Bruvold is a state prisoner and is proceeding *pro se.*   The Opening Petition in this case consists of 285 pages.   It primarily challenges Bruvold's state convictions under 28 U.S.C. § 2254.   The Opening Petition also ostensibly raises claims regarding an unspecified detainer under 28 U.S.C. § 2241; attaches pleadings from prior state/federal cases; and contains a copy of the U.S. Constitution with Bruvold's own handwritten notations.   After filing the Opening Petition, Bruvold filed a Prisoner Civil Rights Complaint (Doc. 2) along with eight other notices and motions (Docs. 3-10).   Most of the submissions raise § 2254 habeas arguments challenging Bruvold's state convictions, but other submissions contain opinions about the state of the world and/or the U.S. government.

By a Memorandum Opinion and Order entered May 13, 2025, the Court declined to consider Bruvold's Opening Petition or his various supplements, appendices, and motions.   *See* Doc. 12 (Initial Screening Ruling).   The ruling explains that "[i]t is not the role of … the court …

to sort through a lengthy … complaint and voluminous exhibits … to construct [a litigant's] causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). *See also Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (rejecting pleading that "included everything but the kitchen sink"); *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Since the claims primarily challenge Bruvold's state convictions, he was directed to file a <u>single</u> amended habeas petition. *See* Doc. 12 at 2.

The Initial Screening Ruling provides instructions on how to comply with Fed. R. Civ. P. 8(a) (requiring a short and plain statement of the grounds for relief) and Habeas Corpus Rule 2(c) (setting forth the habeas pleading standards). Bruvold was advised that his amended petition must specify all grounds for relief, with factual support; state the relief requested; be typed or "legibly handwritten;" and be signed under penalty of perjury. *See* Habeas Corpus Rule 2(c). The Initial Screening Ruling warns that the failure to file a single amended petition that complies with these instructions may result in dismissal. *See* Doc. 12 at 3. It also warns that the Court may dismiss this case with or without prejudice if Bruvold continues to file piecemeal submissions. *Id.*

Bruvold did not comply with the Initial Screening Ruling. Instead, he submitted the following piecemeal filings:

1. An Affidavit of Consideration of Valuable Assessment (Doc. 13), which references an unlawful detainer, law regarding a creditors' trust fund, adverse possession, and an unspecified buyer and lease agreement. It also highlights an alleged lack of evidence regarding various issues, including unspecified criminal convictions.

2. A mailing (Doc. 14) containing the first two pages of the form 28 U.S.C. § 2254 habeas

petition, filed June 5, 2025.

    3.  A separate mailing (Doc. 17) containing three more pages of the form § 2254 habeas petition, filed June 16, 2025.

    Even if the Court were willing to consider piecemeal pleadings - which it is not - the filings still violate Fed. R. Civ. P. 8(a); Habeas Corpus Rule 2(c); and the Initial Screening Ruling.   The filings do not contain a short and plain statement of the grounds for relief.   The citations and arguments go beyond Bruvold's criminal convictions to touch on various areas of law, including creditor/debtor issues, adverse possession, etc.   *See* Doc. 13.

    Bruvold's habeas mailings also only include the first five (5) pages of the form § 2254 petition.   *See* Docs. 14, 17.   Those pages do not raise any specific grounds for relief in this case, as required by Habeas Corpus Rule 2(c) and the Initial Screening Ruling.   *See* Doc. 17 at 3 (leaving a blank space under "Ground 1" on the habeas form).

    Beyond these defects, Bruvold's pleadings do not clarify which criminal conviction(s) he seeks to challenge.   His recent submissions ostensibly list Bruvold's state criminal case number (D-202-CR-2013-02597) and set forth the state appellate history associated with those convictions. *See* Doc. 14 at 1; Doc. 17.   However, Bruvold was not involved in that case.   The state docket reflects such case (D-202-CR-2013-02597) is associated with a single defendant named Robert John Chavez.   *See* Docket Sheet in D-202-CR-2013-02597.   Bruvold's earlier filings – which the Court struck in its Initial Screening Ruling – do not provide further insight into the relevant state criminal conviction(s).   The Opening Petition (Doc. 1) cites Case No. D-202-CR-2020-0262, which does involve Bruvold but is still pending before New Mexico's Second Judicial District Court.   *See* Doc. 1 at 9.   A different notice by Bruvold appears to cite all of his state criminal

cases dating back to 2002 along with all federal cases he has filed.   *See* Doc. 6 at 1.   Thus, even if the Court were to refer to earlier filings, it is simply not clear which criminal conviction(s) Bruvold seeks to challenge.

In sum, the Court concludes that Bruvold's recent pleadings (Docs. 13, 14, and 17) fail to comply with Fed. R. Civ. P. 8(a) and Habeas Corpus Rule 2(c).   Bruvold has not explained why he submitted the piecemeal pleadings or otherwise shown cause for his failure to comply with the Court's pleading instructions.   For these reasons, and because the Court has already given leave to amend, this case will be dismissed pursuant to Fed. R. Civ. P. 8(a) and Habeas Corpus Rule 2(c).   Dismissals under Fed. R. Civ. P. 8(a) may be entered with or without prejudice.   *See Fontana v. Pearson*, 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice.").   As explained above, Bruvold has not yet raised any substantive habeas claims, and it is not clear which criminal conviction(s) he seeks to challenge in this case.   The dismissal will therefore be entered without prejudice, and this case (24-cv-0918 WJ-JMR) will not count as any "first" habeas petition for purposes of 28 U.S.C. § 2244.   *See* 28 U.S.C. § 2244(b) (noting district courts generally only have jurisdiction over a petitioner's first § 2254 petition and that petitioners must obtain Circuit authorization before filing a second/successive petition).   The Court will finally deny Bruvold's Motion to Proceed *In Forma Pauperis* (Doc. 15) as moot and deny a certificate of appealability under Habeas Corpus Rule 11, for the reasons above.

**IT IS ORDERED** that this case, including Bruvold's piecemeal submissions filed after the Initial Screening Ruling (**Docs. 13, 14, and 17**), is **DISMISSED without prejudice** for failure to comply with Fed. R. Civ. P. 8(a) and Habeas Corpus Rule 2(c); Bruvold's Motion to Proceed

*In Forma Pauperis* (**Doc. 15**) is **DENIED as moot**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing this civil habeas case.

      **SO ORDERED.**

/s/

_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE